**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Anthony Teague, | Case No. 2:22-cv-00109-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| State of Nevada, et al., | |
| Defendants. | |

Pro se Plaintiff Anthony Teague is currently incarcerated at the Clark County Detention Center. Mr. Teague submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 1). He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Mr. Teague's request to proceed *in forma pauperis* will be granted.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Screening Complaint

As an initial matter, Mr. Teague alleges violations of constitutional rights on two different occasions: one in September 2021 and one spanning from 1996-2006. These two incidents and his claims are unrelated and appear to be brought against different defendants. In asserting two unrelated claims against different defendants, Plaintiff has violated Federal Rule of Civil Procedure 20(a)(2). Under that rule, multiple defendants may be joined in a single action only where a claim asserted against the defendants arose out of the same transaction or occurrence and "any question of law or fact common to all defendants will arise in the action." *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Simply put, "[c]laim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. "Unrelated claims against different defendants belong in different suits[.]" *Id*.

Because Plaintiff has attempted to bring unrelated claims against different defendants in this suit, the Court will recommend dismissal of Count II without prejudice. Plaintiff may file a separate case to litigate this claim if he wishes. Claim I will be dismissed with leave to amend in this case.

### A.     September 2021 Incident (Claim I)

Mr. Teague alleges that when he appeared in state court and asserted his right to represent himself, the presiding judge had him arrested on a bench warrant that had been issued right before Mr. Teague arrived. Mr. Teague alleges this violated his right to represent himself.

It is true that Mr. Teague has a constitutional right to represent himself. The Sixth Amendment affords criminal defendants the right to be represented by counsel at critical stages of the prosecution and the right to self-representation at trial. *United States v. Farias*, 618 F. 3d 1049, 1051 (9th Cir. 2010). Specifically, *Faretta* held that a defendant who makes an unequivocal and timely request to represent himself has a Sixth Amendment right to self-representation, and that a denial of self-representation, in the face of such a request, is a violation of that right. *Faretta v. California*, 422 U.S. 806, 835-36 (1975).

The Ninth Circuit has held that a defective *Faretta* waiver "is conclusive" and usually requires automatic reversal of a defendant's conviction. *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994); *see also Tamplin v. Muniz*, 894 F.3d 1076, 1084-89 (9th Cir. 2018) (reasoning that the Sixth Amendment violation is complete at the time the *Faretta* request is unlawfully denied). Accordingly, Mr. Teague's Sixth Amendment rights may have been violated if he was inappropriately denied the right to self-representation.

However, if a § 1983 case alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a convicted party is barred from bringing suit under § 1983 if a judgment in his favor would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Mr. Teague does not allege that his conviction or sentence has been reversed or otherwise invalidated. As a result, this Court will dismiss this claim with leave to amend. To properly plead this claim in an amended complaint, Mr. Teague must plead, in good faith, that his sentence or conviction has been reversed or invalidated.

**B.     Incident Spanning from 1996-2006 (Claim II)**

Mr. Teague explains that he was sentenced as a felon and spent close to 3 years in prison for that offense. Once paroled, he was told that the offense should have been punished as a misdemeanor. Mr. Teague alleges he appealed. In turn, the case was remanded to state court with

instructions to designate the offense as a misdemeanor, and Mr. Teague was sentenced to time served. Mr. Teague alleges this was a violation of the Equal Protection Clause.

For the reasons discussed above, Mr. Teague must file a separate *case* to allege this cause of action (as it is unrelated to his first cause of action and appears to be brought against different defendants).

### C. Defendants State of Nevada and Judges

The State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). Similarly, judges are immune from prosecution when performing "judicial acts." *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). As a result, the Court recommends that these defendants be dismissed with prejudice.

### D. Defendant Clark County

A municipality (which includes Clark County and the LVMPD) may be found liable under 42 U.S.C. § 1983 only if the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (*citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Like supervisors, municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

A policy has been defined as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. County of Los Angeles*, 442 F.3d

1178, 1185 (9th Cir. 2006). The weight of authority has established that a "policy can be one of action or inaction" within the meaning of *Monell*. *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010).

To the extent Claim I is against Clark County, it fails because Mr. Teague has not shown that any conduct was the result of a policy or custom of Clark County.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Claim I is dismissed with leave to amend. To the extent this claim is being brought against Clark County, and should Mr. Teague wish to amend, he must allege facts that show the constitutional violation was the product of a policy or custom.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Claim II be dismissed without prejudice. Mr. Teague may file a separate case to allege this cause of action.

**IT IS FURTHER RECOMMENDED** that Defendants State of Nevada and the two judges named in the complaint be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by September 22, 2022. Failure to file an amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

1  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
2  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,
3  1157 (9th Cir. 1991).

   DATED: August 23, 2022

   _____
   BRENDA WEKSLER
   UNITED STATES MAGISTRATE JUDGE